# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Watertoys, LLC, d/b/a Tidalwave Watersports, Appellant,

v.

South Carolina Department of Revenue, Respondent.

Appellate Case No. 2024-000962

—————————

Appeal From The Administrative Law Court
Deborah Brooks Durden, Administrative Law Judge

—————————

Opinion No. 6154
Heard May 12, 2026 – Filed July 29, 2026

—————————

## APPEAL DISMISSED

—————————

Thomas R. Goldstein, of Belk Cobb Infinger & Goldstein, PA, of North Charleston, for Appellant.

Marcus Dawson Antley, III, Wayne Allen Myrick, Jr., and Jason Phillip Luther, all of Columbia, all for Respondent.

—————————

**CURTIS, J.:**  Watertoys, LLC, d/b/a Tidalwave Watersports (Appellant), appeals an order from the Administrative Law Court (ALC) upholding the South Carolina Department of Revenue's (Respondent's) determination that it owed admission taxes for the audit period.   We dismiss the appeal for failure to properly post a bond as required by statute.

## BACKGROUND

This case involves whether parasail rides are subject to admissions tax, or whether they fall into an exemption for boat tours offering excursions and sightseeing. *See* S.C. Code Ann. § 12-21-2420 (2014). Respondent found parasailing was subject to admissions tax and was not subject to an exemption. Appellant requested a contested hearing with the ALC and the parties filed a joint stipulation of facts, cross motions for summary judgment, and accompanying briefs.

The ALC denied Appellant's motion for summary judgment and granted the Respondent's. Appellant filed a motion for reconsideration, which was denied.

Appellant filed its notice of appeal on June 7, 2024, along with a document entitled "Appeal Bond & Personal Surety" a few days later. The latter states:

> In accordance with [section] 12-60-3370 [of the South Carolina Code (2014)], we, Michael Fiem and Mark Fiem, principals of the Appellant . . . acknowledge ourselves bound and indebted unto the Respondent . . . in the principal amount of $33,296.00, subject to the following conditions:
>
> That in the event the Appellant . . . should fail to have this appeal disposed of in its favor, or should the appeal be dismissed, the Appellant shall pay the principal amount of the disputed taxes and an additional amount as interest as calculated in accordance with South Carolina law as well as any costs awarded in consequences of this action as provided by [SCACR].

Appellant's attorney explained in an email that the disputed taxes, not including interest, had been deposited in his law firm's escrow account.

Respondent filed a motion to dismiss the appeal for failure to comply with section 12-60-3370 on the grounds that (1) depositing the funds into an Interest on Lawyer Trust Account (IOLTA) did not satisfy the statutory precursors for filing an appeal, (2) the amount deposited did not include interest, and (3) the principal amount was short $702.[1]

---

[1] Appellant admitted the shortfall was an oversight and deposited the additional $702.

This court denied Respondent's motion to dismiss but remanded the matter to the ALC for determination of the amount required for the bond. The ALC determined that Appellant was obligated to include interest in the appeal bond to satisfy section 12-60-3370. The total amount Appellant was required to pay—or post—to perfect its appeal was $41,840.92. Appellant filed a document entitled "Supplemental Appeal Bond (Interest)" with this court on October 22, 2024, indicating it had added the disputed interest amount to the previously escrowed funds.

**LAW/ANALYSIS**

Respondent asserts that Appellant failed to comply with the procedural requirements for perfecting its appeal and this court therefore lacks appellate jurisdiction. We agree.

Section 12-60-3370 requires that "[e]xcept as otherwise provided, a taxpayer shall pay, or post a bond for, all taxes, not including penalties or civil fines, determined to be due by the administrative law judge before appealing the decision to the court of appeals." S.C. Code Ann. § 12-60-3370. The purpose of requiring an appeal bond is to secure the payment of the tax if the taxpayer loses on appeal and to discourage frivolous lawsuits. *See e.g. Ambrose v. Idaho State Tax Com'n*, 86 P.3d 455, 457 (Idaho 2004).

If the taxpayer opts to pay the taxes and interest in full to the Respondent and prevails on appeal, Respondent is required to refund the full amount plus interest. *See* S.C. Code Ann. § 12-54-25(C)(1) (2014) ("Any tax refunded or credited must include interest on the amount of the credit or refund from the latest of the date the tax was paid, the original due date of the return, or the last day prescribed for paying the tax if no return is required, to either the date the refund was sent or delivered to the taxpayer or the date the credit was made."). In the alternative, the taxpayer may post a bond for all taxes before appealing. S.C. Code Ann. § 12-60-3370. If the taxpayer is not successful on appeal, the surety insurer is liable for the taxpayer's debt. *See* S.C. Code Ann. § 38-1-20(54) ("'Surety' includes insurance for a bond that covers obligations to pay the debts, or answer for the default, of another."). The South Carolina Insurance Code regulates surety companies. S.C. Code Ann. §§ 38-15-10 to 100 (2015).

We reject Appellant's argument that depositing the funds into its attorney's IOLTA account satisfies the requirements of section 12-60-3370. South Carolina IOLTA

accounts are attorney trust accounts "benefiting the South Carolina Bar Foundation established in an eligible institution for the deposit of pooled nominal or short-term funds of clients or third persons." Rule 412(a)(3), RPC, Rule 407, SCACR.  The interest generated from the IOLTA account is paid to the Bar Foundation[2] and is therefore not available to satisfy the accrued interest on the tax debt should Respondent prevail.  More importantly, depositing the funds into an IOLTA account is not a method sanctioned by the statute.[3]

Appellant cites *Town of Mount Pleasant v. Roberts,* 393 S.C. 332, 713 S.E.2d 278 (2011) in support of its stance.  In *Town of Mount Pleasant*, our supreme court found that Roberts had properly met the prerequisites to appeal despite having failed to obtain a bond or pay her court-ordered fines.  *Id*. at 343–44, 713 S.E.2d at 283–84.  The court asserted that the statute's payment requirement contained "no temporal restriction" and as such did not implicate appellate jurisdiction.  *Id*. at 344, 713 S.E.2d at 284.  However, the court in that case was interpreting section 14-25-95 which states:

> Any party shall have the right to appeal from the sentence or judgment of the municipal court to the Court of Common Pleas of the county in which the trial is held. Notice of intention to appeal, setting forth the grounds for appeal, must be given in writing and served on the municipal judge or the clerk of the municipal court within ten days after sentence is passed or judgment rendered, or the appeal is considered waived. *The party appealing shall enter into a bond,* payable to the municipality*, to appear and defend the appeal* at the next term of the Court of Common Pleas *or shall pay the fine assessed*.

S.C. Code Ann. § 14-25-95 (2017) (emphasis added).
The court found that "these provisions serve the purpose of insuring that an appellant will appear for the hearing before the circuit court.  If an appellant fails to comply with those provisions, the municipality may issue a bench warrant to address any delinquency on the part of the appellant."  *Town of Mt. Pleasant,* 393 S.C. at 344, 713 S.E.2d at 284.  By contrast, section 12-60-3370 requires the

---

[2] Rule 412(h)(1), RCP, Rule 407, SCACR.
[3] We likewise reject Appellant's argument that this court's earlier denial of Respondent's motion to dismiss is dispositive.  The court's order did not address the merits of the motion and therefore has no preclusive effect.

taxpayer to pay the taxes or post a bond *before* appealing to this court. S.C. Code Ann. § 12-60-3370. There is a temporal restriction in the statute that implicates and restricts appellate jurisdiction.

Lastly, we decline to address the remaining issues raised as we find this issue dispositive. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (declining to address remaining issues where a prior issue was dispositive).

**CONCLUSION**

We find Appellant failed to perfect its appeal as required by section 12-60-3370 when it failed to either pay the taxes owed or procure an appropriate bond. Depositing the funds into its attorney's IOLTA account does not satisfy either alternative.

**APPEAL DISMISSED.**

**GEATHERS and HEWITT, JJ., concur.**